IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY H. PEMBERTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv384-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The petitioner, Bradley H. Pemberton, has filed a *pro se* pleading with this court, self-styled as a "*Motion to Correct Structural Errors and Vacate the Conviction*," in which he asserts claims challenging the validity of his 2011 convictions and sentence for wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. No. 1.)

The law is settled that 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective

merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Pemberton has been tried, convicted, and sentenced. His convictions and sentence were affirmed on direct appeal. *See United States v. Pemberton*, No. 11-12731 (11th Cir. Jun. 26, 2012). The claims he now seeks to advance may properly be presented at this time only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, this court concludes that Pemberton's instant pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), **the court hereby advises Pemberton of its intention to recharacterize his pleading (Doc. No. 1) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.** The court **cautions** Pemberton that such recharacterization renders this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Pemberton is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to

post-conviction motions.[1]

In further compliance with the requirements of *Castro*, *supra*, it is

**ORDERED** that **on or before July 30, 2012**, Pemberton shall advise this court whether he seeks to do **one** of the following:

1. Proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion (Doc. No. 1);

2. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

3. Withdraw his motion.

Pemberton is **CAUTIONED** that if he fails to file a response in compliance with this order, which requires that he advise the court that he wishes to do **one** of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims presented in his original motion (Doc. No. 1).

Because this court will not proceed on a 28 U.S.C. § 2255 motion before the direct-appeal process has concluded, Pemberton **shall also advise this court** whether he has filed an application for rehearing regarding the Eleventh Circuit's decision affirming his

---

[1]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

convictions and sentence.

In order to assist Pemberton in presenting any claims he wishes to assert in a 28 U.S.C. § 2255 motion, the Clerk of Court is **DIRECTED** to provide Pemberton with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Done this 28th day of June, 2012.

                                      /s/ Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE