IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY H. PEMBERTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv384-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

## I.  BACKGROUND

On June 29, 2011, a jury found the petitioner, Bradley H. Pemberton, ("Pemberton"), guilty of one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On September 28, 2011, the district court sentenced Pemberton to 48 months in prison.  Pemberton appealed to the Eleventh Circuit, which affirmed his conviction and sentence.  *United States v. Pemberton*, 479 Fed. App'x 264 (11th Cir. 2012).

On April 26, 2012, Pemberton filed a *pro se* pleading with this court titled as a "Motion to Correct Structural Errors and Vacate the Conviction" and presenting a claim that the wire-fraud and aggravated identity-theft statutes he was convicted of violating exceed Congress's authority to legislate in violation of the Tenth Amendment to the United States

Constitution.  Doc. No. 1.

On June 28, 2012, this court entered an order in compliance with *Castro v. United States*, 540 U.S. 375 (2003), advising Pemberton of its intention to recharacterize his pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 4.  As required by *Castro*, the order directed Pemberton to advise the court by July 30, 2012, that he intended to do one of the following:

> 1. Proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion;

> 2. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

> 3. Withdraw his motion.

Doc. No. 4 at 3.  The court cautioned Pemberton that if he failed to file a response in compliance with its order, his case would proceed under 28 U.S.C. § 2255, with only the claim in his original pleading being considered.  *Id*.

On July 16, 2012, Pemberton moved for an extension of time to comply with the June 8 , 2012, order.  Doc. No. 5.  The court granted Pemberton an extension to August 20, 2012.  Doc. No. 6.

When the requisite time passed and Pemberton filed nothing in response to or in compliance with this court's order, this court found that the case would proceed under 28 U.S.C. § 2255 on the claim in his original pleading (the § 2255 motion).  The court directed the United States to file a response addressing the claim in the § 2255 motion.  Doc. No. 7.

In a timely response filed on August 26, 2012, the United States argues that Pemberton is not entitled to relief because the sole claim in his § 2255 motion – that the statutes he was convicted of violating exceed congressional authority in violation of the Tenth Amendment – is without merit.  Doc. No. 8.  This court entered an order allowing Pemberton to reply to the United States' response.  Doc. No. 9.  However, Pemberton did not avail himself of that opportunity

After consideration of Pemberton's § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11ᵗʰ Cir. 2004) (citations omitted).

### B. Pemberton's Tenth Amendment Claim

Pemberton argues that the wire-fraud and aggravated identity-theft statutes he was convicted of violating (18 U.S.C. §§ 1343 and 1028A(a)(1)) exceed Congress's authority to legislate by intruding on the sovereignty reserved to the states by the Tenth Amendment.[1] *See* Doc. No. 1 at 1-8.  According to Pemberton, Congress has no constitutional authority to enact federal crimes outside of counterfeit, piracy, and crimes committed by members of the militia.  *Id*. at 4-5.

The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  U.S. Const. amend. X.  A Tenth Amendment challenge to a statute fails if the statute is a valid exercise of a power relegated to Congress, for instance, Congress's Commerce Clause Power.  *United States v. Moody*, 555 Fed. App'x 867, 869 (11ᵗʰ Cir. 2014), citing *Cheffer v. Reno*, 55 F.3d 1517, 1521 (11ᵗʰ Cir. 1995) ("Because the [challenged statute] is within Congress' Commerce Clause power, it does not violate the Tenth Amendment."); *see also New York v. United States*, 505 U.S. 144, 174 (1992) (holding that legislation

---

[1] The United States Supreme Court held in *Bond v. United States*, ___ U.S. ___, 131 S.Ct. 2355, 2366-67 (2011), that criminal defendants may challenge statutes as violative of the Tenth Amendment.

enacted under the valid exercise of Congress's commerce power does not intrude on the sovereignty reserved to the states by the Tenth Amendment).

Article I, Section 8, of the United States Constitution, the Commerce Clause, authorizes Congress to "regulate Commerce with foreign Nations, and among the several Stats, and with the Indian Tribes." Under the Commerce Clause, Congress can regulate the use of the channels of interstate commerce, regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, and regulate activities that substantially affect interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

The appellate courts that have directly addressed the issue have held that 18 U.S.C. § 1343, the wire-fraud statute Pemberton was convicted of violating, is a valid exercise of Congress's Commerce Clause power, and thus Tenth Amendment challenges to the statute must necessarily fail. *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999) ("[Section] 1343 [is] within the extensive reach of the Commerce Clause."); *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012) ("Regarding Morris's challenge to the wire fraud statute, 18 U.S.C. § 1343, Morris ignores Article I, Section 8 of the United States Constitution, the Commerce Clause, as a source of legislative authority.... Therefore, Morris's Tenth Amendment challenge to the wire fraud statute also 'necessarily' fails."). Pemberton's Tenth Amendment challenge to 18 U.S.C. § 1343 lacks merit, and his conviction under that statute is sound.

As the Government observes (Doc. No. 8 at 19), Pemberton's violation of the wire-fraud statute, 18 U.S.C. § 1343, under Count 1 of the indictment served as the qualifying predicate felony for his conviction under Count 2 of the indictment for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).[2]  Because § 1343 (the wire-fraud statute) is authorized by the Commerce Clause, § 1028A(a)(1) (the aggravated identity-theft statute) is likewise a valid exercise of Congress's Commerce Clause power, and Pemberton's Tenth Amendment challenge to § 1028A(a)(1) necessarily fails.

The commission of wire fraud and identity theft substantially affect interstate commerce, and regulation of such offenses protect the instrumentalities of interstate commerce.  Therefore, 18 U.S.C. §§ 1343 and 1028A(a)(1) are legitimate exercises of Congress's Commerce Clause power, and Tenth Amendment challenges to the statutes must fail.  Because Pemberton fails to demonstrate he is entitled to any relief, his § 2255 motion should be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

[2] Count 2 alleged Pemberton:

> during and in relation to an enumerated felony, namely, wire fraud as charged in Count 1 of the indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is the name, date of birth, and Social Security number of B.N.P., in violation of Title 18 United Stated Code, Section 1028A(a)(1).

Case No. 11cr39-WHA, Doc. No. 1 at 3.

U.S.C. § 2255 motion filed by Pemberton be DENIED with prejudice.

It is further

ORDERED that on or before September 17, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of September, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE